UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MARVIN THOMAS                                                                                  PLAINTIFF

v.                                            CIVIL ACTION NO. 4:22-CV-P105-JHM

GRAYSON COUNTY KENTUCKY et al.                              DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Marvin Thomas, a prisoner, initiated this *pro se* 42 U.S.C. § 1983 action. The amended complaint (DN 8)[1] is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, who was housed at the Grayson County Detention Center (GCDC) during the time pertinent to this case, names as Defendants Grayson County and, in their individual and official capacities, the following GCDC employees: Jailer Jason Woosley, Chief Deputy Jason VanMeter, Colonel Bryan Henderson, and Commissary Administrator Lisa England.[2]

Plaintiff alleges that Defendant England at the direction of Defendants Woosley, VanMeter, and Henderson "acted with deliberate indifference to my civil rights" when she "appropriated money from my account as restitution for a jail television that was damaged by another inmate[.]" He states that the money was taken without his consent or authorization,

---

[1] Plaintiff initially brought this action along with several other inmates in *Salmon et al. v. Grayson Cnty. et al.*, No. 4:22-cv-88-JHM. The Court severed Plaintiff's claims and ordered Plaintiff to file an superseding amended complaint containing only claims personal to him. *See* DN 7.

[2] Since filing his amended complaint, Plaintiff has been transferred to the Oldham County Jail.

without evidence of wrongdoing by him, and without notice or a hearing. Plaintiff further alleges that Defendants:

> conspired to adopt and implement an unwritten policy of summarily appropriating relative small sums of money from large groups of inmates who are housed in areas of the jail where GCDC property is either damaged, destroyed or simply stops working. This practice . . . has affected hundreds of inmates who have been wrongfully charged money in the past.

Plaintiff next alleges that after this Court ordered GCDC to collect the filing fee in partial payments, GCDC charged him "more than $415.00 as 'payment for civil action' for this lawsuit."

Plaintiff also alleges that GCDC has a policy of denying indigent and *pro se* inmates' access to legal reference material because there is not an adequate law library at GCDC and that when he "tried to have legal reference material that is not available in the law library sent to [him,] it was rejected by staff."

Plaintiff requests damages in the amount of $30.00 that was "wrongfully taken" from his account and reimbursement of the $350 filing fee and injunctive relief in the form of discontinuing the taking of restitution from inmates under the current GCDC policy and by allowing "indigent and pro se inmates to receive legal reference material from non-attorneys or provide all inmates with access to an adequate up to date law library."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon

which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claims on behalf of other inmates

Plaintiff refers to other inmates who incurred injury. Plaintiff, however, as a *pro se* litigant, may not put forth claims on behalf of other individuals. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'" (citation omitted)). Thus, to the extent Plaintiff is attempting to bring claims on behalf of other inmates, the claims are dismissed for failure to state a claim.

### B. Claims related to the taking of money from Plaintiff's prison account

The Court construes Plaintiff's allegations related to money being taken from his prison account as restitution for a damaged television or in excess of the filing fee ordered by this Court

as claims for deprivation of his property in violation of the Due Process Clause of the Fourteenth Amendment. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. (1986). In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt. See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted.[3]

### C. Claim related to inadequate law library/rejection of legal materials

Plaintiff alleges that GCDC has a policy of denying indigent and *pro se* inmates' access to legal reference material both because there is no adequate law library at GCDC and because his attempt "to have legal reference material that is not available in the law library sent to me[,] it was rejected by staff." In his request for injunctive relief, he asks that GCDC be ordered to allow indigent and *pro se* inmates to receive legal reference material from non-attorneys.

---

[3] The Court additionally notes that a review of the Court's records reveals that as of November 16, 2022, the Court has received only $100.54 of the $350.00 filing fee for this civil action.

Accordingly, the Court interprets his claim to refer to legal reference material rejected by staff only when it is sent by non-attorneys.

It is well-established that prisoners have a constitutional right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a viable claim, however, an inmate must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Id.* at 351; *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) ("The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial."). In other words, a plaintiff must plead and demonstrate that the lack of legal materials has hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Muse v. Lawson*, No. 6:20-CV-00145-GFVT, 2020 WL 4340743, at *3 (E.D. Ky. July 28, 2020) ("[T]o establish a claim that the jail has interfered with his right of access to the courts, a prisoner must show actual injury to a nonfrivolous claim.").

Plaintiff has not alleged any actual injury to his ability to pursue a nonfrivolous legal claim by the inadequacy of the legal materials available to him, and thus, fails to state a claim. *See Rayburn v. Blue*, 154 F. Supp. 3d 523, 533 (W.D. Ky. 2015) ("An inmate who claims his access to the courts was denied merely because he was denied access to the prison library, or certain books, fails to state a claim."). Nor has he stated a claim concerning his legal materials being rejected because he does not allege any injury. *See, e.g.*, *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal

quotation marks, footnote, and citations omitted).  These claims will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order, dismiss this action.

Date: November 17, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Grayson County Attorney
4414.009